McKAY, Trustee, *v.* MACE and others.[1]

*(Circuit Court, E. D. Pennsylvania.  October 20, 1884.)*

LICENSE OF PATENT—CONSTRUCTION OF TERMS—IMPLIED MEANING—JURISDIC-
TION OF CIRCUIT COURT—BILL FOR DISCOVERY AND ACCOUNT—CITIZENSHIP.

A license granted the use of a certain shoe-sewing machine, embodying a patent which was specified by its number, date, and the name of the patentee; "said machinery also embodying other patents which the said party of the first part now has, or may hereafter obtain, applicable to the said machine, or either of them." The license then gave the use of the above-mentioned patent, and also other patents granted to Lyman R. Blake, August 14, 1860, "for the term of the existence of the said patents, or any of them, and of all renewals or extensions of the same, * * * and also all patents which the said party of the first part now has, or may hereafter obtain, whether as original patentee or by assignment or license, applicable to said machine, and all extensions and renewals of the same." The license also provided "that this lease and license shall continue (provided the lessee comply with the terms thereof) until the expiration of all the letters patent which the lessees are hereby licensed to use, or any extensions or renewals of the same." The Blake patents of 1860 expired August 14, 1881, but the machine, at the execution of the license, embodied other patents not specifically designated in it, which did not expire until September 6, 1887. *Held,* that the license did not expire on August 14, 1881, the date of the expiration of the Blake patents of 1860, but continued in force until September 6, 1887, the date of the expiration of the term of the youngest patent embodied in the leased machine. A bill praying discovery and account for refusal to pay royalties under such a license is sustainable in the circuit court when the parties are citizens of different states.

In Equity.  Bill for discovery, and an account brought by plaintiff, Gordon McKay, as owner and licensor of certain patents against the defendants Charles Mace and others, as licensees.

By the license, dated April 29, 1872, the plaintiff leased to the defendants—

"The McKay sewing-machine No. 1278 for uniting the soles of boots and shoes to their vamps or uppers, constructed according to the specifications, and embodying the invention contained and set forth in letters patent of the United States, granted to Lyman R. Blake on the sixth day of July, 1858, channeling machine No. 822, and bobbin winder No. 176; *said machinery also embodying other patents which the said party of the first part now has or may hereafter obtain, applicable to the said machine, or either of them.*

"And the said party of the first part doth also hereby license the said party of the second part to use the said patent above mentioned, granted to Lyman R. Blake on the sixth day of July, 1858, and also the patents granted to the said Lyman R. Blake on the fourteenth day of August, A. D. 1860, on the process of making a boot or shoe, and on the article so made *for the term of the existence of said patents, or any of them, and of all renewals and extensions of*

---

[1] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

*the same*, said patents having been assigned by said Lyman R. Blake to said Gordon McKay, trustee; *and also all patents which the said party of the first part now has or may hereafter obtain*, whether as original patentee, or by assignment or license, applicable to said machine, and all extensions and renewals of the same."

It was further provided—

"That this lease and license shall continue (provided the lessees comply with the terms and conditions thereof) *until the expiration of all the letters patent which the lessees are hereby licensed to use*, or any extension or renewals of the same; and upon the expiration thereof, the lessees shall deliver to the lessor, his successors, legal representatives, or assigns, the machines hereby leased in good order, natural wear and tear alone excepted; and the said lessees shall thereupon, if they have kept all the conditions of this lease and license, have the right to purchase said machines for the sum of one dollar."

The licensees agreed to pay as rent for the machines, and for the license to use the patents, the sum of 10 cents for every pair of shoes made on the machines, or instead thereof, to purchase and apply to every pair of shoes thus made a license stamp, according to the schedule annexed to the license. They also covenanted to keep a daily account of all boots and shoes sewed on the machines, and to send a copy of the account to the licensor on the first of every month. The defendants accepted this license, and continuously from its date enjoyed the use of the licensed machines; but after August 14, 1881, they refused to render any account or to pay license fees. They claimed that as August 14, 1881, was the date of the expiration of the Blake patents of 1860, which were specifically designated in the license, it followed that the license expired on that date. On the other hand, it was contended by the plaintiff that the machinery embodied other patents, not designated by name in the license, but included under the general language of the licensing clause, the terms of which had not yet expired, and that the license remained in force until the expiration of the youngest of these. The patents not mentioned in the license, but claimed to be included under the licensing clause, were the McKay and Mathies patent of August 12, 1862, the McKay and Blake improvement of December 13, 1864, and the Blake patent of September 6, 1870. The name of each of these patents was conspicuously stamped on the machine used by the defendants. The defendants also set up the defense that in this case there could be no equitable jurisdiction.

*Elias Merwin*, (*Francis Rawle* and *Walter George Smith* with him,) for plaintiff.

*Francis T. Chambers* and *Furman Sheppard*, (*George Harding* with them,) for defendants.

Before McKENNAN and BUTLER, JJ.

McKENNAN, J. The right of the complainant to the relief which he prays depends upon the ascertainment of the date at which a license granted by him to the respondent expires. The construction of this license is not unattended with difficulty, growing out of the inaccuracy

of some of its phraseology, and the collocation of the phrase defining its duration, but with the assistance of an argument of uncommon vigor and clearness on both sides, we have reached a conclusion which, in our judgment, effectuates the intention of the parties, and a just solution of the controversy. The license is dated April 29, 1872. By its first clause the complainant "leased" to the respondents "the McKay sewing machine No. 1,278, * * * constructed according to the specifications, and embodying the invention contained and set forth in letters patent of the United States, granted to Lyman R. Blake on the sixth day of July, 1858, channeling machine No. 822 and bobbin winder No. 176; said machinery also embodying other patents which the said party of the first part now has or may hereafter obtain applicable to the said machine, or either of them." By the second clause "the said party of the first part doth also hereby license the said party of the second part to use the said patent, above mentioned, granted to Lyman R. Blake on the sixth day of July, 1858, and also the patents granted to the said Lyman R. Blake on the fourteenth day of August, A. D. 1860, on the process of making a boot or shoe, and on the article so made, for the term of the existence of said patents, or any of them, and of all renewals and extensions of the same, said patents having been assigned by said Lyman R. Blake to said Gordon McKay, trustee; and also all patents which the said party of the first part now has or may hereafter obtain, whether as original patentee, or by assignment or license, applicable to said machine, and all extensions and renewals of the same."

At the date of the license other patents than these individuated by specific designation were owned and controlled by the licensor, were actually embodied in the leased machine, and were essential to its profitable use. They were the McKay and Mathies patent of August 12, 1862, the McKay and Blake improvement patent of December 13, 1864, and the Blake patent of September 6, 1870, for 17 years, and expiring September 6, 1887. These patents were within the general description of the licensing clause, and are therefore comprehended by its terms, as fully as if they had been specifically identified. The Blake patents of 1860 were extended until August 14, 1881, when they finally expired. Since that date the respondents have continued the use of the leased machines and the above recited patents without the payment of the royalties agreed upon, or rendering any account of them, according to the requirements of the license, upon the hypothesis that it was then terminated by its own limitation. Considering the clauses of the license above quoted by themselves, this contention is not without at least plausible warrant. The right to use all the patents referred to is conferred by the license, without restriction, but the duration of such use is apparently referred to "the term of the existence" of the Blake patents, or any of them. The phrase which limits the term of the license is connected with the description of the Blake patents, and is expressly applicable to them, and it is not, therefore,

unreasonable to hold that the entire license is terminable by the expiration of these patents.

On the other hand, the consideration is not without great weight that the licensor could not have intended to concede to the licensees the uncompensated use of patents, which imparted to the leased machines their chief value, and had many years to run after the lapse of two years, when the Blake patents expired, or even after the possible extension of them for seven years, for the meager consideration of a moderate royalty, payable only during these periods. However this may be, the parties have, in a subsequent part of the license, declared their own understanding of its terms, and that is decisive of its meaning. In subdivision 3, under the eighth head in the license, it is agreed "that this lease and license shall continue (provided the lessees comply with the terms thereof) *until the expiration of all the letters patent which the lessees are hereby licensed to use, or any extensions as renewals of the same.*" This language is unambiguous, and applies to *all* the patents, whether specifically or generally described, the right to use which is authorized by the license. In this category are several patents, as before stated, which were embodied in, or ingrafted upon, the leased machine. The youngest of them, the Blake patent of September 6, 1870, continues in force until September 6, 1887, and must therefore be taken as the measure of the duration of the license. Of the remaining ground of defense it is sufficient to say that it is unsustained. Nor is a more extended discussion of the pleas to the jurisdiction of the court required. The parties are citizens of different states: and the bill prays for a discovery and account. These are recognized heads of equity jurisdiction, and are cognizable in this court, although the groundwork of the relief sought is a contract touching the use of letters patent, because adequate relief cannot be obtained in a court of law.

There must therefore be a decree in favor of the complainants for discovery and an account, as prayed for; and counsel will accordingly prepare one.